DANIEL E. SICKLES, AND OTHERS, RESPONDENTS, v. BEN-JAMIN RICHARDSON, IMPLEADED WITH OTHERS, APPEL-LANTS.

*Extra allowance — when subject of action has money value.*

This action was brought to have 3,574 bonds of a railway company, which were in the hands of the defendant, declared invalid and void and to have them delivered up and cancelled. The defendant claimed that they were valid, but offered to surrender 2,974 upon receiving $50 per bond, which he claimed to have paid for them, and interest from the time of purchase. The court decided that plaintiff was entitled to the relief demanded in the complaint, and granted an extra allowance of $2,000.

*Held*, that there was sufficient evidence as to the value of the subject of the action to authorize the allowance, and that the order granting it should be affirmed.

APPEAL from an order of the Special Term granting an additional allowance of $2,000.

*Dexter A. Hawkins*, for the appellants. There was no recovery in this action of anything of value, and none was asked for in the complaint. There is no money basis on which to calculate a percentage; it is a case in respect to which there is no provision made by law for an allowance. (*Spofford* v. *Texas Land Co.*, 41 Supr. Ct. R., 228 and 231; *Coates* v. *Goddard*, 34 id., 132; *People* v. *The A. & Susq. R. R. Co.*, 5 Lans., 36; *Coleman* v. *Chauncey*, 7 Robt., 578; *At. Dock Co.* v. *Libby*, 45 N. Y., 499; *O. & L. C. R. R. Co.* v. *V. & C. R. R. Co.*, 63 id., 179; *People* v. *The N. Y. & S. I. Ferry Co.*, N. Y. Weekly Digest, Vol. 4, page 10.

*Elihu Root*, for the respondents. There was a subject matter involved in the case having a money value, upon which an allowance may be properly computed. The value of the property to be directly affected by the result of the action affords a proper basis for computing a percentage. (*The People* v. *Albany & Vermont R. R. Co.*, 16 Abbott, 465; *The People* v. *N. Y. & S. I. Ferry Co.*, 7 Hun, 105; *Ogdensburgh & L. C. R. R. Co.* v. *Vt. & Car. R. R. Co.*, 63 N. Y., 176.) It was

suggested by counsel for defendant below, that because the $3,574,000 in bonds held by Richardson, had been declared void, there is no property which is the subject of this litigation and therefore there is no basis to compute an extra allowance. The answer is very plain. The question in the action was whether they were property or not, and the whole value of the bonds or of the property they would have controlled had they been held valid, was the subject matter involved in the action. (*Comins* v. *Supervisors of Jefferson*, 3 T. & C., 296; *Same case*, 64 N. Y., 626.)

BRADY, J.:

The action was brought for the purpose of having 3,574 bonds of the Chicago, Saganaw and Canada Railway Company in the possession of the defendant, Richardson, declared invalid and void.

The complaint, after reciting the facts, demanded judgment, declaring these bonds void, and perpetually enjoining the trustees of the mortgage, under which the bonds purported to have been issued, from recognizing the validity of such bonds, and perpetually enjoining the defendant, Richardson, from selling, pledging, issuing, delivering or disposing of, or parting with the said bonds in any way, and further that they should be delivered up and cancelled. The learned justice at Special Term, arrived at the conclusion that the plaintiff was entitled to the relief demanded, and the effect of this result was that the bonds were pronounced invalid, and therefore valueless.

The defendant Richardson substantially maintained the validity of the bonds and claimed to have a lien upon them, but offered to surrender 2,974 of them upon receiving $50 per bond, which he alleged he paid for them, together with interest from the time of the purchase at the rate of seven per cent.

The question involved by the issues presented, was whether these bonds were legally issued or not, and necessarily involved the question of their value; because if held to be valid, they were binding obligations upon the company. If they had been held valid that finding would have furnished a basis of value of which an allowance to the defendants could be predicated. It is evident indeed that the bonds claimed by the defendant Richardson were regarded by him as property, and would have been so held by

him, unless declared otherwise by some court of competent jurisdiction.

Under these circumstances we think there was sufficient evidence on the subject of value to warrant the allowance made, which considering the magnitude of the controversy is not at all unreasonable. (See *Comins* v. *The Supervisors of Jefferson*, 64, N. Y., 626.)

Davis, P. J., concurred in the result.

Present — Davis, P. J., Brady and Ingalls, JJ.

Order affirmed.